998 A.2d 448

IN THE MATTER OF MARVIN S. DAVIDSON,
AN ATTORNEY AT LAW.

July 14, 2010.

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 09–280, concluding that **MARVIN S. DAVID-**

SON of **ORANGE,** who was admitted to the bar of this State in 1969, should be suspended from the practice of law for a period of one year for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.2(a) (failure to abide by client's decision about scope of representation), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to keep client reasonably informed about the status of matter), *RPC* 1.5(c) (failing to provide written contingency fee agreement), *RPC* 1.15(a) (failure to safeguard client funds), *RPC* 1.15(b) (failure to promptly notify client or third person of receipt of funds in which that person has interest or failure to promptly deliver to client or third person funds that person is entitled to receive), *RPC* 1.15(d) and *Rule* 1:21–6 (recordkeeping violations), *RPC* 4.1(a) (false statement of material fact to third person), and *RPC* 8.1(b) (failure to reply to lawful demand for information from disciplinary authorities);

And the Disciplinary Review Board having further concluded that (1) respondent should be required to complete ten hours of professional responsibility courses prior to reinstatement to practice, (2) following reinstatement, respondent should be required to practice under supervision, (3) respondent should provide monthly reconciliations of his attorney accounts to the Office of Attorney Ethics on a quarterly basis, and (4) respondent should submit proof that he has repaid the funds in the *Bost* matter or has deposited the funds in court to resolve any dispute about their resolution;

And the Court having determined from its review of the matter that a six-month suspension from practice is the appropriate quantum of discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **MARVIN S. DAVIDSON** is suspended from the practice of law for a period of six months, and until the further Order of the Court, effective August 7, 2010; and it is further

ORDERED that prior to reinstatement to the practice of law, respondent shall enroll in and complete ten hours of courses in professional responsibility approved by the Office of Attorney Ethics and submit proof of his satisfactory completion to the Office of Attorney Ethics; and it is further

ORDERED that following reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics until the Office of Attorney Ethics deems respondent capable of unsupervised practice and until the further Order of the Court; and it is further

ORDERED that respondent shall submit monthly reconciliations of his attorney accounts to the Office of Attorney Ethics on a quarterly basis, which reconciliations shall be prepared by an accountant approved by the Office of Attorney Ethics, until the further of the Court; and it is further

ORDERED that within thirty days after the filing date of this Order, respondent shall submit proof to the Office of Attorney Ethics that he has repaid the funds in the *Bost* matter, or has taken the required steps to deposit the funds in court to resolve any dispute about their disposition; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.